# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
**BRENDAN A. HURSON**
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

November 21, 2022

LETTER TO ALL COUNSEL OF RECORD

Re:     *Michael C. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
        Civil No. 22-392-BAH

Dear Counsel and Plaintiff:

In this Social Security disability appeal, the Commissioner of the Social Security Administration (the "Agency") has filed a motion to remand the case for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).  ECF 15.  Due to the tragic passing of Plaintiff's counsel, the motion to remand does not come with the consent of Plaintiff.   On October 6, 2022, I sent Plaintiff an Order directing him to send the Court a letter indicating his position on the matter within three weeks.  ECF 16.  The Court has received no response from Plaintiff.  I have reviewed all of the relevant filings, including Plaintiff's motion for judgment on the pleadings, ECF 10, the Agency's motion to remand, ECF 15, and find that no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2021).  For the reasons stated herein, the Agency's motion to remand, ECF 15, is GRANTED, and Plaintiff's motion for judgment on the pleadings, ECF 10, is DENIED AS MOOT.

The Fourth Circuit has long adhered to the principle that district courts may reverse a case for payment of benefits only in "rare circumstances."  *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013).  The reviewing court is not permitted to conduct a *de novo* inquiry into the matter or to weigh conflicting evidence.  *Id*.  Accordingly, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation."  *Id*. (quoting *Fl. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)).  Those rare circumstances only exist where the record clearly established disability and "reopening the record for more evidence would serve no useful purpose."  *Breeden v. Weinberger*, 492 F.2d 1002, 1012 (4th Cir. 1974).

The Court has reviewed the record in this case and finds that remand is appropriate. Reopening the record to address the arguments raised by Plaintiff would serve a useful purpose. Though the Agency's motion to remand comes without Plaintiff's formal consent, Plaintiff's prior filing seeks remand as an alternative to a direct order of an award of benefits.  *See* ECF 10-1, at 36 ("Alternatively, the Court should vacate the ALJ's decision and remand this matter for further proceedings before a different ALJ.").  Accordingly, because remand is supported by prevailing law and noting that Plaintiff seeks that remedy, I find that the case should be remanded despite Plaintiff's failure to respond to my letter of October 6, 2022.

*Michael C. v. Kijakazi*
Civil No. 22-392-BAH
November 21, 2022
Page 2

A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge

Cc:  Plaintiff (via U.S. Mail)